UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAZAHIRHUSEIN JANMOHAMED,

    **Plaintiff,**

v.                                                                                   **Case No:  6:16-cv-1687-Orl-41KRS**

SECRETARY, DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, DISTRICT DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES, TAMPA, FLORIDA and
ACTING FIELD OFFICE DIRECTOR,
CITIZENSHIP AND IMMIGRATION
SERVICES,

    **Defendants.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO STAY PROCEEDINGS PENDING ADJUDICATION OF PLAINTIFF'S NEW APPLICATION TO NATURALIZE (Doc. No. 14)** |
| **FILED:** | **February 6, 2017** |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART**. |

Defendants moved the Court to stay these proceedings challenging the denial of Plaintiff's Form N-400 Application for Naturalization, as Plaintiff recently filed a second Form N-400 Application, which, if approved, would moot this action. In his response to that motion, Plaintiff

acknowledged that in light of his new application, a stay of these proceedings would generally be appropriate. Doc. No. 16, at 2. However, he expressed concern about United States Citizenship and Immigration Services' (USCIS) undue delay in adjudicating his original application and stated he could not consent to a stay of these proceedings in the absence of assurance from USCIS that his new application would be adjudicated in a reasonable amount of time. *Id.* at 6-7. I directed Defendants to file a reply addressing how the Court and Plaintiff could be assured that Plaintiff's new application would be adjudicated in a timely manner if the Court were to grant the motion to stay.

In its reply, Defendants represent that USCIS has already taken steps toward ensuring the timely adjudication of Plaintiff's new Form N-400, including scheduling his interview for April 25, 2017, at the request of Plaintiff's counsel. Doc. No. 18, at 3. Both parties agree that adjudications are currently taking eight months to complete. Although Defendants cannot state with certainty that adjudication of Plaintiff's new application will be completed within eight months, they represent that they are endeavoring to complete the adjudication within that time frame. *Id.* To show Plaintiff and the Court that the adjudication is progressing, Defendants proffer that they will file status reports every 180 days to apprise the Court of whether the adjudication is proceeding at a reasonable pace. They represent that Plaintiff's counsel has indicated that Plaintiff would agree to a stay under those circumstances.

I therefore **RESPECTFULLY RECOMMEND** that the Court stay the present litigation while Plaintiff's new Form N-400 is being adjudicated. I further **RECOMMEND** that the Court require the parties to file a joint status report regarding the progress of the adjudication on a schedule established by the Court, but not to exceed 180 days. Finally, I **RECOMMEND** that if it becomes

apparent that the adjudication is not progressing in a reasonable amount of time, Plaintiff shall be permitted to file a motion to lift the stay or the Court may lift the stay on its own accord.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 16, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy